# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE SHOE SHOW OF ROCKY MOUNT, INC., | |
| Plaintiff, | CIVIL ACTION NO. 3:06-CV-1740 |
| v. | (JUDGE CAPUTO) |
| JANET KLIMCZAK, ET AL., | |
| Defendants. | |

## MEMORANDUM

Before me is Plaintiff's Motion to Remand. (Doc. 2) The motion alleges that the Court has no jurisdiction because the amount in controversy does not exceed $75,000. The Defendants assert in their Notice of Removal, (Doc. 1) that the amount in controversy exceeds $80,000.00, however defendants presented no extrinsic evidence that the amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332.

Because Defendants have not met their burden to establish that jurisdiction exists by a preponderance of the evidence, *see Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 397 (3d Cir. 2004), the motion will be granted.

## DISCUSSION

Federal courts are courts of limited jurisdiction, and "in order to carry out the Congressional intent to limit jurisdiction in diversity cases, doubts must be resolved in favor of remand." *Id.* at 403 (citing cases). The burden is upon the defendant in a removal case to establish to a legal certainty that there is federal jurisdiction when the relevant facts are not in dispute. *Id.* at 398. When there are disputes over factual matters, the preponderance

of the evidence standard is "appropriate." *Id.*

A component of the analysis in determining whether jurisdiction exists in a removal case is that courts decide the amount in controversy from the complaint. 989 F.2d at 145 (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573 (1961)). Here the complaint contains two counts, one for malicious prosecution and one for civil conspiracy. Neither count seeks damages in a discrete amount, and it is speculation to try to determine an amount in controversy by a review of the contents of the Complaint. The mere assertion that the amount in controversy exceeds $80,000.00 does not meet the defendants burden of establishing jurisdiction by a preponderance of evidence. The motion for remand will therefore be granted.

An appropriate order follows.

October 18, 2006                                    /s/ A. Richard Caputo
Date                                                          A. Richard Caputo
                                                                  United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE SHOE SHOW OF ROCKY MOUNT, INC., <br><br> Plaintiff <br><br> v. <br><br> JANET KLIMCZAK, ET AL., <br><br> Defendants. | NO. 3:06-CV-1740 <br><br> (JUDGE CAPUTO) |

## **ORDER**

**NOW**, this 18th day of October, 2006, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 2) is GRANTED. This case is remanded to the Court of Common Pleas of Lackawanna County.

                                             /s/ A. Richard Caputo
                                             A. Richard Caputo
                                             United States District Judge